IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Philip Bailey<br>3900 Persimmon Drive #101<br>Fairfax, VA  22031<br><br>　　　　Plaintiff<br><br>v.<br><br>Ethel Skakel Kennedy<br>1147 Chain Bridge Rd.<br>McLean, VA  22101<br><br>and<br><br>Corcoran Gallery of Art<br>500 17th Street, NW<br>Washington, DC  20006<br><br>　　　　Defendants. | Case No.:　　1:06 CV 01903<br>Judge:　　　Colleen Kollar-Kotelly |

## ANSWER OF MRS. ROBERT F. KENNEDY

Defendant Ethel Skakel Kennedy ("Mrs. Robert F. Kennedy"), through undersigned counsel, hereby responds to the above-captioned Petition for Declaratory Judgment filed by plaintiff Philip Bailey ("plaintiff") on November 7, 2006.  With respect to the allegations set forth in the numbered paragraphs, the defendant admits, denies or otherwise responds as follows:

### PREFATORY STATEMENT

Generally speaking, Mrs. Robert F. Kennedy is without personal knowledge or information relating to the facts and circumstances set forth in the Plaintiff's Petition for Declaratory Judgment.  To the extent Mrs. Kennedy has ever had any ownership interest in this portrait, that ownership interest continues to exist.  She denies that her husband, during his lifetime, ever knowingly extinguished or transferred title to the work of art in question, and she

1

denies that she ever knowingly took any action that would have extinguished or transferred title to this work of art.

## SPECIFIC RESPONSES

1. The defendant admits that the Federal Declaratory Judgment Act is at 28 U.S.C. §§ 2201-2202. The defendant is not required to answer the remaining assertion. To the extent that an answer is required, the defendant has no knowledge and is without sufficient information to provide an answer to the remaining assertions in this paragraph. The defendant denies that Robert F. Kennedy's middle name is "Fitzgerald."

2. The first allegation contained in paragraph 2 constitutes a legal conclusion as to which no response is required. As to the second allegation set forth in paragraph 2, the defendant has no knowledge and is without sufficient information to provide an answer.

3. The first allegation contained in paragraph 3 constitutes a legal conclusion as to which no response is required. As to the remaining allegations set forth in paragraph 3, the defendant has no knowledge and is without sufficient information to provide an answer.

4. The defendant has no knowledge and is without sufficient information to provide an answer to the assertion set forth in paragraph 4.

5. Ethel Skakel Kennedy was married to Robert Francis Kennedy and, upon his death, was a beneficiary of his estate. Defendant denies all other assertions set forth in paragraph 5.

6-30. The defendant has no knowledge and is without sufficient information to provide answers to the assertions set forth in paragraphs 6 through 30.

31. The defendant has no knowledge and is without sufficient information to provide an answer to the assertion set forth in paragraph 31. To defendant's knowledge, whatever property rights her husband may have had in the portrait were never extinguished or transferred.

32. The defendant has no knowledge and is without sufficient information to provide an answer to the assertion set forth in paragraph 32. To defendant's knowledge, whatever property rights she may have acquired in the portrait were never extinguished or transferred.

33. The defendant denies the assertions set forth in paragraph 33.

34-36. The defendant has no knowledge and is without sufficient information to provide answers to the assertions set forth in paragraphs 34 through 36.

37. The defendant denies the assertions set forth in paragraph 37.

38-44. The defendant has no knowledge and is without sufficient information to provide answers to the assertions set forth in paragraphs 38 through 44.

The defendant, Mrs. Robert F. Kennedy, denies that the Plaintiff is entitled to the declaratory relief being sought in this matter, i.e., that he be awarded legal title to a portrait of Mrs. Kennedy's husband, Robert F. Kennedy, entitled, "The Last Portrait of Robert Fitzgerald Kennedy."

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

The Complaint may be barred by the applicable statute of limitations and/or the doctrine of laches.

The defendant denies that the plaintiff is entitled to the relief requested and respectfully requests the Court to dismiss the Petition with prejudice, enter judgment for defendants, award the costs and expenses of this action to defendants, and grant any other relief that the Court deems just and proper.

## JURY DEMAND

Should the Court determine that the action should proceed to trial, the defendant requests a jury trial.

Respectfully submitted,

Dated:   November 28, 2006                WILLIAMS & CONNOLLY, LLP

By:    /s/      Gregory B. Craig
     Gregory B. Craig (DC Bar 164640)

725 12th Street NW
Washington, DC.  20005
(202) 434-5000

Counsel for defendant Ethel Skakel Kennedy

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2006, I caused to be served the foregoing Answer of Mrs. Robert F. Kennedy upon all counsel, a copy thereof by the Court's Electronic Case Filing system and via facsimile and first class mail, postage prepaid to:

Mr. Richard Murray
Pompan, Murray & Werfel, PLC
601 King Street, Suite 400
Alexandria, VA  22314
Tel:   (703) 739-1340
Fax:   (703) 836-8642

*Attorney for Plaintiff*

Ms. Lynn Parseghian
Crowell & Moring
1001 Pennsylvania Avenue, NW
Washington DC  20004
Tel:   (202) 624-2582
Fax:   (202) 628-5116

*Attorney for Defendant Corcoran Gallery of Art*

By:   /s/   Gregory B. Craig
Gregory B. Craig, Esq.