## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip Bailey | ) | |
| 3900 Persimmon Dr. #101 | ) | |
| Fairfax, VA  22031 | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 1:06-CV-01903 |
| | ) | |
| v. | ) | Judge Colleen Kollar-Kotelly |
| | ) | |
| Ethel Skakel Kennedy | ) | General Civil Case |
| 1147 Chain Bridge Road | ) | |
| McLean, VA  22101, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Corcoran Gallery of Art | ) | |
| 500 17th Street, N.W. | ) | |
| Washington, D.C.  20006, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### DEFENDANT ETHEL SKAKEL KENNEDY'S CORRECTED MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant Ethel Skakel Kennedy hereby moves that this Court dismiss Plaintiff's claims against her under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A Memorandum of Points and Authorities and Proposed Order are attached.  Oral argument is respectfully requested.

Respectfully submitted,

Dated: December 4, 2006

    /s/ Michael T. Morley

Gregory B. Craig (#164640)
Michael T. Morley (#492716)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C.  20005
Phone:      (202) 434-5247
Facsimile:  (202) 434-5029

E-mail:        mmorley@wc.com
*Attorneys for Defendant Ethel*
*Skakel Kennedy*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Phillip Bailey<br>3900 Persimmon Dr. #101<br>Fairfax, VA 22031 )<br><br>         *Plaintiff,* )<br><br>       v. )<br><br>Ethel Skakel Kennedy<br>1147 Chain Bridge Road<br>McLean, VA 22101, )<br><br>Corcoran Gallery of Art<br>500 17th Street, N.W.<br>Washington, D.C. 20006, )<br><br>         *Defendants.* ) | No. 1:06-CV-01903<br><br>Judge Colleen Kollar-Kotelly<br><br>General Civil Case<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
ETHEL SKAKEL KENNEDY'S CORRECTED MOTION TO DISMISS FOR LACK OF
<u>SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM</u>**

Plaintiff Phillip Bailey alleges that, in 1968, when he learned that Senator Robert F. Kennedy had been assassinated, he "removed and took possession of" a portrait of Senator Kennedy that had been hanging on the door of the Senator's presidential campaign office. Complaint ¶ 9. Plaintiff now seeks a declaratory judgment stating that, because he has been in possession of the portrait for close to forty years, he is its legal owner. Because this Court lacks subject-matter jurisdiction over this case and Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's claims against Defendant Kennedy must be dismissed with prejudice.

I.    **THIS COURT LACKS SUBJECT-MATTER**
      **JURISDICTION OVER THE COMPLAINT.**

This Court must dismiss Plaintiff's claims against Defendant Kennedy for lack of

subject-matter jurisdiction.  Section A demonstrates that the jurisdictional statutes set forth in the

Complaint are patently inapplicable to this case.  Section B shows that, given the allegations and

causes of action in the Complaint, Plaintiff cannot invoke the traditional bases of federal

jurisdiction.

A.    **The Jurisdictional Statutes Plaintiff Invokes Are Inapplicable.**

The Complaint alleges that federal jurisdiction is proper on two grounds—D.C. Code

§ 11-501(4) and 28 U.S.C. § 2201.  Neither statute permits this Court to entertain Plaintiff's

claims.

1.    **This Court lacks jurisdiction under D.C. Code § 11-501(4).**

The Complaint alleges that this Court has subject-matter jurisdiction over Plaintiff's

claim under D.C. Code § 11-501(4), which grants this Court jurisdiction over "[a]ny civil

action . . . begun in the court during the thirty-month period beginning on such effective date

wherein the amount in controversy exceeds $ 50,000."  The "effective date" to which this statute

refers is "the effective date of the District of Columbia Court Reorganization Act of 1970."  D.C.

Code § 11-501(1) (hereinafter, "Reorganization Act").  This court may not exercise subject-

matter jurisdiction over a lawsuit under § 11-501(4) unless the suit was initiated within thirty

months of the Reorganization Act's effective date.

The Reorganization Act states that its effective date is "the first date of the seventh

calendar month which begins after the date of the enactment of this Act."  *See* District of

Columbia Court Reorganization Act of 1970, 84 Stat. 473, 597, Pub. L. No. 91-358, § 199(a)

(July 29, 1970). The Reorganization Act was enacted on July 29, 1970. *See* 84 Stat. at 473. Therefore, under § 199(a), its effective date was February 1, 1971. *See also Greater Washington D.C. Area Council of Senior Citizens v. District of Columbia*, 406 F. Supp. 768, 769 (D.D.C. 1975) ("On February 1, 1971, the District of Columbia Reorganization Act went into effect."). Thus, § 11-501(4) grants this Court jurisdiction over lawsuits that were begun within 30 months of February 1, 1971. Because this lawsuit was not filed until over 30 *years* after that date, this Court lacks jurisdiction under § 11-501(4).

### 2.      This Court lacks jurisdiction under 28 U.S.C. § 2201.

Plaintiff also emphasizes that "[t]his is an action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." Complaint ¶ 1. However, "[i]n a declaratory judgment action under 28 U.S.C. § 2201, it is beyond dispute that plaintiffs cannot rely upon § 2201 for subject-matter jurisdiction, but instead must establish an independent basis for jurisdiction." *Gianelli v. Chirkes*, 377 F. Supp. 49, 51 (D.D.C. 2005); *see also C&E Servs. of Washington, Inc. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002). Thus, § 2201, in itself, does not permit this Court to exercise jurisdiction in this case.

### B.      No Other Basis for Subject-Matter Jurisdiction Exists in This Case.

The Complaint does not expressly allege any alternate bases of federal jurisdiction. Indeed, the Complaint's allegations preclude this Court from exercising jurisdiction over Plaintiff's claims against Defendant Kennedy.

### 1.      Plaintiff cannot establish federal question jurisdiction.

Plaintiff cannot invoke federal question jurisdiction under 28 U.S.C. § 1331. He seeks a declaration that he is the legal owner of a painting that he took nearly forty years ago. This claim

arises under the personal property law of the District of Columbia and does not involve any

substantial federal issues. *Cf. Grable & Sons Metal Prods., Inc. v. Darue Engineering*, 125 S.

Ct. 2363 (2005).

### 2.    Plaintiff cannot establish diversity jurisdiction.

Plaintiff is similarly unable to take advantage of diversity jurisdiction.  Under 28 U.S.C.

§ 1332(a), a court may exercise diversity jurisdiction only if the amount in controversy exceeds

$75,000; in the absence of such an express allegation, diversity jurisdiction is inappropriate, *see*

*Regan v. Grill Concepts-D.C., Inc.*, No. 02-884 (AK), 2004 U.S. Dist. LEXIS 19507, at *4-6

(D.D.C. Sept. 30, 2004).  Here, the Complaint alleges only that the amount in controversy

"exceeds $50,000," Complaint ¶ 2, which is below this $75,000 threshold.  Furthermore, a court

may exercise diversity jurisdiction only where "complete diversity" exists—no plaintiff may be a

citizen of the same state as any of the defendants. *See Meng v. Schwartz*, 305 F. Supp. 2d 49, 55

(D.D.C. 2004).  Although the Complaint does not expressly allege the citizenship of any of the

parties, *see* Complaint ¶¶ 4-6,  the addresses Plaintiff included in the case's caption show that

both he and Defendant Kennedy are citizens of Virginia.  Thus, this Court has neither federal

question nor diversity jurisdiction, and Plaintiff's claims against Defendant Kennedy must be

dismissed under Fed. R. Civ. P. 12(b)(1).

## II.    PLAINTIFF HAS FAILED TO STATE A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff admits that, following Senator Kennedy's assassination close to forty years ago,

he took the Senator's portrait from the Senator's office door without anyone's express

permission.  Complaint ¶ 9.  Plaintiff does not allege that Defendant Ethel Kennedy—who

allegedly "assumed all interests and liabilities of RFK's estate," *id.* ¶ 5—knew that the portrait

had been taken, was aware that Plaintiff had it, or ever approved of his possession of it. Plaintiff nevertheless contends that, because he has been prominently displaying the portrait in his home or place of business for most of the past thirty-eight years, he is its rightful owner. *See* Complaint ¶¶ 12-26.

District of Columbia law does not appear to recognize adverse possession of personal property. Moreover, the property at issue was not abandoned or unclaimed within the meaning of Title 41 of the D.C. Code. Thus, Plaintiff has failed to articulate a viable legal theory to support a declaration that he is the legal owner of the portrait, and his declaratory judgment claim against Defendant Kennedy should be dismissed under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For these reasons, Defendant Ethel Skakel Kennedy respectfully requests that this Court DISMISS Plaintiff's declaratory judgment claim against her WITH PREJUDICE.

Respectfully submitted,

Dated: December 4, 2006          ___/s/ Michael T. Morley_____

Gregory B. Craig (#164640)
Michael T. Morley (#492716)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
Phone:          (202) 434-5247
Facsimile:      (202) 434-5029
E-mail:         mmorley@wc.com
*Attorneys for Defendant Ethel Skakel Kennedy*

**CERTIFICATE OF SERVICE**

I, Michael T. Morley, do hereby swear that on December 4, 2006, I did cause a true and complete copy of the foregoing Defendant Ethel Skakel Kennedy's Corrected Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, supporting Memorandum of Points and Authorities, and Proposed Order, to be served electronically via this Court's Electronic Case Filing system and through first-class mail, postage prepaid on:

> Richard Murray, Esq.
> POMPAN, MURRAY & WERFEL, PLC
> 601 King Street, Suite 400
> Alexandria, VA  22314
> Phone:          (703) 739-1340
> Facsimile:      (703) 836-8624
> *Attorney for Plaintiff Philip Bailey*

> Scott L. Winkelman, Esq.
> Lynn Parseghian, Esq.
> CROWELL & MORING
> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C.  20004
> Phone:          (202) 624-2582
> Facsimile:      (202) 628-5116
> *Attorneys for Defendant Corcoran Gallery of Art*

> _____/s/ Michael T. Morley_____
> Michael T. Morley, Esq.

- 6 -

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Phillip Bailey | ) | |
| 3900 Persimmon Dr. #101 | ) | |
| Fairfax, VA  22031 | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 1:06-CV-01903 |
| | ) | |
| v. | ) | Judge Colleen Kollar-Kotelly |
| | ) | |
| Ethel Skakel Kennedy | ) | General Civil Case |
| 1147 Chain Bridge Road | ) | |
| McLean, VA  22101, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Corcoran Gallery of Art | ) | |
| 500 17th Street, N.W. | ) | |
| Washington, D.C.  20006, | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

**PROPOSED ORDER GRANTING DEFENDANT ETHEL SKAKEL
KENNEDY'S CORRECTED MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Having considered Defendant Ethel Skakel Kennedy's Motion to Dismiss for Lack of

Subject-Matter Jurisdiction and Failure to State a Claim, the Memorandum of Points and

Authorities submitted in support thereof, any Opposition thereto, any Reply, and for good cause

shown, it is on this _____ day of _____, 20____, hereby:

ORDERED that Defendant's Motion is GRANTED; and

FURTHER ORDERED that Plaintiff's claim against Defendant Kennedy in the above-

captioned case is DISMISSED WITH PREJUDICE.

SO ORDERED

_____
Hon. Colleen Kollar-Kotelly
United States District Judge