# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip Bailey, )<br>)<br>      Plaintiff, )<br>v. )<br>)<br>Ethel Skakel Kennedy, )<br>)<br>and )<br>)<br>Corcoran Gallery of Art, )<br>_____) | Case No. 1:06-CV-01903 CKK |

## PLAINTIFF PHILLIP BAILEY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ETHEL SKAKEL KENNEDY'S MOTION TO DISMISS

Phillip Bailey, by counsel and pursuant to Local Civil Rule 7(b), submits his Memorandum of Points and Authorities in Opposition to Defendant Ethel Skakel Kennedy's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim as Follows:

## ARGUMENT

### I. Want of Jurisdiction Does Not Constitute Grounds for Dismissal With Prejudice.

Defendant has argued that this Court should dismiss this case with prejudice due to failure to lack of subject matter jurisdiction and for failure to state a claim. Defendant's arguments regarding lack of subject matter jurisdiction constitute grounds to transfer the case to the Superior Court of the District of Columbia—not to dismiss the case with prejudice. See 28 U.S.C.A. § 1631. Should the Defendant choose to contest jurisdiction in this case, dismissal without prejudice or transfer of the case to the Superior Court of the District of Columbia is the appropriate remedy.

**II.    Mr. Bailey Has Adequately Stated a Valid Claim For Declaratory Relief.**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The complaint should not be dismissed unless Mr. Bailey can prove no set of facts in support of his claim which would entitle him to relief. Id.

Defendant's motion to dismiss with prejudice for failure to state a claim should be denied because 1) District of Columbia law has accepted adverse possession of personal property, 2) the elements of adverse possession have been adequately pled, and 3) relief may be granted in the form of a declaratory judgment under the Federal Declaratory Judgment Act. See 28 U.S.C. § 2201. The seminal case regarding adverse possession of works of art is O'Keeffe v. Snyder, 83 N.J. 478, 416 A.2d 862 (1980). The O'Keeffe case has been recognized as authoritative by the District of Columbia Court of Appeals. See In re McCagg's Estate, 450 A.2d 414, 418 (D.C. 1982). Under the rule of O'Keefe and In re McCagg's Estate, adverse possession of personal property by another gives rise to a cause of action for replevin, which accrues once the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action. See O'Keefe, 83 N.J. at 491-494, 416 A.2d 869-870; In re McCagg's Estate, 450 A.2d at 418-419.

In this case, Mr. Bailey alleges that the portrait was removed in the presence of Robert F. Kennedy's personal and private secretary, who did not object to its taking. (Compl. at ¶ 10.) Mr. Bailey's made no secret of his possession of the portrait from 1968 through 2005, and made

2

no attempts to hide his possession of it. (Compl. at ¶ 11-29.) Additionally, the property rights of Robert F. Kennedy and his campaign passed to the Defendant, Ethel Skakel Kennedy, after Mr. Kennedy's death. (Compl. at ¶ 5.) Under these circumstances, the Defendant knew or should have known that the portrait had been removed, and there were effective ways of reporting to the art world or the authorities that the portrait was missing. (Compl. at ¶ 32-35.) However, the Defendant made no such reports, nor was any effort made to contact Mr. Bailey concerning the portrait. (Compl. at ¶ 36-37.) The facts in the complaint clearly state the elements for adverse possession, and additionally show that the Defendant failed to exercise the requisite due diligence to toll the statute of limitations for recovery of personal property under D.C. law. As such, Mr. Bailey has properly stated a claim for declaratory judgment that he has acquired title to the portrait.

## CONCLUSION

WHEREFORE; for the reasons state above, Defendant's Motion to Dismiss For Failure to State a Claim Should be DENIED.

Respectfully Submitted,

Richard Murray
DC Bar # 39172
Pompan, Murray, & Werfel, P.L.C.
601 King Street, Suite 400
Alexandria, VA 22314
Tel: (703) 739-1340
Fax: (703) 836-8642
Counsel for Philip Bailey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, 2006, a true and accurate copy of PLAINTIFF PHILLIP BAILEY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ETHEL SKAKEL KENNEDY'S MOTION TO DISMISS was faxed and mailed, postage prepaid, to:

Gregory B. Craig
Michael T. Morley
WILLIAMS & CONNOLLY, LLP
725 12th Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5247
Facsimile: (202) 434-5029
Counsel for Defendant Ethyl Skakel Kennedy

and

Scott L. Winkelman, Esq.
Lynn Parseghinan, Esq.
CROWELL & MORING
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2582
Facsimile: (202) 628-5116
Counsel for Defendant Corcoran Gallery of Art

_____
Richard Murray