UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP BAILEY,

   Plaintiff,

    v.

ETHEL SKAKEL KENNEDY, *et al.*,

   Defendants.

Civil Action No. 06–1903 (CKK)

**MEMORANDUM OPINION**
(February 6, 2007)

Plaintiff, Phillip Bailey, filed this action against Defendants Ethel Skakel Kennedy and the Corcoran Gallery of Art on November 7, 2006. Plaintiff seeks a declaratory judgment "to establish legal proprietorship over a portrait of Robert F. Kennedy" that Plaintiff allegedly "removed and took possession of" on June 5, 1968. Compl. ¶¶ 1, 9. On January 2, 2007, the Court granted a [11] Joint Motion for Order to Dismiss Defendant Corcoran Gallery of Art, such that Defendant Ethel Skakel Kennedy (wife of the late Senator Robert F. Kennedy, and hereinafter referred to as "Defendant Kennedy") is currently the only remaining Defendant in this case.

Defendant Kennedy filed the pending [8] Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim on December 4, 2006. In Defendant Kennedy's motion, she alleges in part that the Court does not have subject matter jurisdiction over Plaintiff's claims. In his Complaint, Plaintiff posits that the instant Court has jurisdiction over his claims pursuant to 28 U.S.C. § 2201 (the Federal Declaratory Judgment Act) and D.C. Code Section 11-501(4). *See* Compl. ¶¶ 1, 2. Defendant Kennedy argues that neither of the

above statutes provides a proper basis for federal court jurisdiction over the instant matter. Def.'s Mot. to Dismiss at 2. Furthermore, Defendant Kennedy argues that no other basis for subject matter jurisdiction exists. *Id.* at 3. On December 15, 2006, Plaintiff filed an Opposition effectively conceding that the Court does not have jurisdiction to hear the instant case, but stating that "Defendant's arguments regarding lack of subject matter jurisdiction constitute grounds to transfer the case to the Superior Court of the District of Columbia–not to dismiss the case with prejudice. *See* 28 U.S.C. § 1631." Pl.'s Opp'n at 1. On December 21, 2006, Defendant Kennedy filed a Reply, stating that "Defendant Ethel Skakel Kennedy hereby consent to and joins in [Plaintiff's] request to have this case transferred to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1631, without prejudice to her right to file an Amended Answer, bring counterclaims, or move to dismiss the Complaint, as permitted by the Rules of that Court." Def.'s Reply at 1.

The Court notes that Plaintiff does not refute Defendant Kennedy's assertion that this Court does not have subject matter jurisdiction over Plaintiff's claims pursuant to either of the statutes listed in Plaintiff's Complaint or under any other basis. Examining the merits of this assertion, the Court agrees that it does not have subject matter jurisdiction over Plaintiff's claims. The Court lacks jurisdiction under 28 U.S.C. § 2201 alone, because "[i]n a declaratory judgment action under 28 U.S.C. § 2201, it is beyond dispute that plaintiffs cannot rely upon § 2201 for subject-matter jurisdiction." *Gianelli v. Chirkes*, 377 F. Supp. 2d 49, 51 (D.D.C. 2005) (citing *C & E Servs., Inc. of Wash. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002). The Court lacks jurisdiction pursuant to D.C. Code § 11-501(4), as this statute allowed an action to be filed "in the court during the thirty-month period beginning on such effective date wherein the amount in controversy exceeds $50,000." D.C. Code § 11-501(4). As Defendant correctly

points out, "on such effective date" is defined in § 11-501(1) as the date the District of Columbia Court Reorganization Act of 1970 took effect. D.C. Code § 11-501(1). The Act's effective date is "the first day of the seventh calendar month which began after the enactment of the Act." D.C. Code § 11-501 historical and statutory notes. Because the Act was passed on July 29, 1970, Plaintiff had thirty months to file this claim after February 1, 1971–which he clearly did not do. Additionally, while Plaintiff does not attempt to establish a basis for subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332(a) (diversity of citizenship), the Court agrees that neither statute provides a proper jurisdictional basis, as Plaintiff essentially asserts a claim regarding the ownership of personal property that rests on District of Columbia law without raising any apparent disputed and substantial federal issue, see *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005); the Complaint alleges that the amount in controversy exceeds $50,000, which is below the $75,000 diversity threshold, see Compl. ¶ 2; and the case caption suggests that Plaintiff and Defendant Kennedy are both citizens of Virginia, see Compl. at 1. Accordingly, the Court does not have subject matter jurisdiction over this case.

However, while the Parties have effectively agreed to have the Court transfer the instant case to the Superior Court for the District of Columbia, the Court does not have authority to do so. This case was originally filed in the instant Court–the United States District Court for the District of Columbia. Both Parties cite to 28 U.S.C. § 1631 as the basis for the Court's authority to "transfer to cure want of jurisdiction." However, this statute does not provide a legal basis for such a transfer.

Pursuant to 28 U.S.C. § 1631:

> *Whenever a civil action is filed in a court as defined in section 610 of this title* or

> an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal *to any other such court* in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). A court "as defined in section 610 of this title" includes "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610. The Court notes that non-federal courts, such as the Superior Court for the District of Columbia, are not encompassed within this definition. Because 28 U.S.C. § 1631 authorizes the Court to transfer an action originally filed in federal court "to any other such court" as defined by 28 U.S.C. § 610, the Superior Court for the District of Columbia is not included within this definition. As such, the Court cannot transfer the instant case to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1631. *See Matthews v. United States*, 72 Fed. Cl. 274, 280 (Fed. Cl. 2006) ("The word 'courts' is defined in Section 610 as including 'the courts of appeals and district courts of the United States.' 28 U.S.C. § 610 (2000). The transfer statute does not permit transfer to state courts. *See id.*"); *Sindram v. United States*, 67 Fed.Cl. 788, 796 (Fed. Cl. 2005) ("The United States Court of Federal Claims has jurisdiction only to transfer to another federal court that would have been able to exercise jurisdiction at the time the action was filed. *See* 28 U.S.C. § 1631. Transfer to the Superior Court of the District of Columbia is equivalent to a transfer to a state court."); *Kier Bros. Invs. Inc. v. White*, 943 F. Supp. 1, 4 (D.D.C. 1996) ("[T]he Court may not transfer this case to a state court under § 1631

because that section only authorizes transfer to those federal courts defined in 28 U.S.C. § 610.").

Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). *See Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 274-275 (3d Cir. 1995).[1] Here, it is clear that "by suggestion of the parties" and by virtue of the Court's own analysis, the Court lacks subject matter jurisdiction in this case such that it should be dismissed without prejudice in lieu of transfer.

Based on the aforementioned reasoning, the Court shall GRANT Defendant Ethel Skakel Kennedy's [8] Amended Motion to Dismiss and DISMISS WITHOUT PREJUDICE the instant action such that it may be filed in the Superior Court for the District of Columbia if appropriate. An Order accompanies this Memorandum Opinion.

Date:   February 6, 2007

                                              */s/*
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge

---

[1] "Because §§ 1631 and 610 clearly demonstrate that Congress intended to limit the authority of the federal courts to transfer cases only to other federal courts, we have held that § 1631 provides no authority for a federal court to transfer a case over which it lacks jurisdiction to a state court. . . . Perhaps most significant to our disposition of these cases, however, is Federal Rule of Civil Procedure 12(h)(3), which states that, '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action.' (Emphasis added). . . . Neither [appellee] disputes that the district court lacked jurisdiction over their lawsuits. It is clear, therefore, that the district court not only lacked express or implied authority under federal law to transfer these cases to the territorial court, but was expressly compelled by Rule 12(h)(3) to dismiss them." *Moravian Sch.*, 70 F.3d at 274-275.